# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEANNE LUFT** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **BOB DEAN; DHNG, LLC** | * | |
| **RIVER PALMS NURSING & REHAB,** | * | |
| **LLC; RACELAND MANOR** | * | **MAGISTRATE JUDGE:** |
| **NURSING HOME, INC. d/b/a SOUTH** | * | |
| **LAFOURCHE NURSING & REHAB;** | * | |
| **UPTOWN HEALTHCARE CENTER** | * | |
| **LLC d/b/a MAISON ORLEANS** | * | |
| **HEALTHCARE CENTER; PARK** | * | |
| **PLACE HEALTHCARE, LLC; ST.** | * | |
| **ELIZABETH'S CARING, LLC d/b/a** | * | |
| **WEST JEFFERSON HEALTH CARE** | * | |
| **CENTER; MAISON DE'VILLE** | * | |
| **NURSING HOME, INC.** | * | |
| **(TERREBONNE); AND MAISON** | * | |
| **DE'VILLE NURSING** | * | |
| **HOME OF HARVEY, L.L.C.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Bob Dean, DHNG, LLC, River Palms Nursing & Rehab, LLC, Raceland Manor Nursing Home, Inc., Uptown Healthcare Center, LLC, Park Place Healthcare, LLC, St. Elizabeth's Caring, LLC, Maison De'ville Nursing Home, Inc., and Maison De'ville Nursing Home of Harvey, LLC (collectively, "Defendants"), who file this Notice of Removal to remove Plaintiffs' class action from the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, to this Court, on the following grounds:

## *THE REMOVED CASE*

1.

On September 8, 2021, Plaintiffs, through their attorneys, filed a *Class Action Petition for Injunctive Relief and for Damages* entitled "*Jeanne Luft v. Bob Dean, DHNG, LLC, River Palms Nursing & Rehab, LLC, Raceland Manor Nursing Home, Inc. d/b/a South Lafourche Nursing & Rehab, Uptown Healthcare Center, LLC d/b/a Maison Orleans Healthcare Center, Park Place Healthcare, LLC, St. Elizabeth's Caring, LLC d/b/a West Jefferson Health Care Center, Maison De'ville Nursing Home, Inc. (Terrebonne), and Maison De'ville Nursing Home of Harvey, LLC,*" bearing Docket Number 2021-2458, Division "B," (the "Petition"), in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

2.

On September 16, 2021, all Defendants except Defendant Dean were served with Plaintiffs' *Class Action Petition for Injunctive Relief and for Damages* by personal service.

3.

Attached hereto as <u>Exhibit A</u> is Plaintiffs' *Class Action Petition for Injunctive Relief and for Damages*. A certified copy of all pleadings in the court records at the 21st Judicial District Court has been requested and will be supplied upon receipt.

4.

In their state court *Class Action Petition for Injunctive Relief and for Damages,* Plaintiffs seek injunctive relief and damages on behalf of residents of nursing homes evacuated in the wake of Hurricane Ida. Plaintiffs allege that the actions of the named Defendants, in connection with the evacuation of residents to an evacuation shelter in Independence, Louisiana, caused their damages. Specifically, Plaintiffs allege that nursing home residents were exposed to ill-suited

conditions, without food or proper care items. *Id*. at para. 9. Plaintiffs assert that the location lost power, experienced water infiltration and became excessively hot. *Id*. at para. 9. Plaintiffs also allege the there was insufficient space, and residents ultimately lay in their own waste as they called for help. *Id*. at para. 8.

5.

Defendants deny the allegations of Plaintiffs and assert that the evacuation shelter was adequate for the number of residents involved and was approved by the Louisiana Department of Health & Hospitals in advance of Hurricane Ida. Any inconvenience, discomfort, water intrusion, loss of electricity or other related issues were caused by the effects of the Category 4 hurricane. Nevertheless, at all times, Defendants submit that staff on site took swift action to move residents out of affected areas and into dry buildings. Defendants submit that claims of plaintiffs were caused by an act of God, not the negligence of Defendants or their employees.

6.

Defendants have taken no action in the 21st Judicial District Court prior to this removal.

**BASIS OF JURISDICTION AND REMOVAL**

7.

Pursuant to 28 U.S.C. § 1332(d)(2), "[t]he district courts shall have original jurisdiction of any civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of Plaintiffs is a citizen of a State different from any defendant …."

*PLAINTIFFS' ALLEGED DAMAGES EXCEED THE JURISDICTIONAL THRESHOLD UNDER CAFA*

8.

To determine whether the amount in controversy exceeds $5,000,000, "the claims of the individual class members *shall be aggregated*…." §1332(d)(6).

9.

A removing defendant is required to establish the amount in controversy only by a preponderance of the evidence, which turns on whether a fact finder **might** legally conclude that the damages exceed the threshold, not whether the damages **are** greater than the requisite amount. *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016); *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014). A defendant seeking to satisfy the preponderance standard to sustain removal may follow either of two tracks: (1) Adduce summary judgment evidence of the amount in controversy, or (2) demonstrate that, from the class plaintiffs' pleadings alone, it is "*facially apparent*" that CAFA's amount in controversy is met. *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010). Additionally, to properly satisfy the removal requirement, a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

10.

Plaintiffs in this case seek injunctive relief and an award of damages on behalf of all persons (or their legal representatives) who were residents of the Defendant nursing homes, and who were evacuated prior to Hurricane Ida "to a warehouse located at 129 Calhoun Street, Independence, Louisiana." *See* Exhibit A, para. 2. Due to the amount of individuals, which Plaintiffs allege to be over 800, and the alleged damage incurred during the evacuation, the amount in controversy exceeds $5,000,000.

11.

Louisiana courts have awarded damages for mental anguish or emotional distress incurred by nursing home residents. In *Randall v. Concordia Nursing Home*, the surviving child of a nursing home resident sued the nursing home pursuant to the Nursing Home Resident's Bill of Rights for

nursing neglect and malpractice. 2007-101 (La. App. 3 Cir. 8/22/07), 965 So. 2d 559, 562, *writ denied,* 2007-2153 (La. 1/7/08), 973 So. 2d 726. The petition alleged that the nursing home violated the resident's rights by failing to provide privacy in meeting personal needs, failure to allow patient to be free from mental and physical abuse, and for failure to treat the patient courteously, fairly, and with the fullest measure of dignity, and failing to allow the patient to rise and retire in accordance with her reasonable request. There was also medical testimony as to the poor and negligent condition in which the patient was left due to the nursing home's under-staffing, including the fact that the patient was found lying in dried bowel movement and urine two to three times a week. A jury awarded plaintiff $150,000 for the loss of dignity, and the Louisiana Third Circuit reduced the award to $100,000. *Id*.

12.

Plaintiff class consists of hundreds of nursing home residents,[1] which means aggregated together, each resident must claim only $6,250 in order to satisfy the $5,000,000 threshold for removal under CAFA. The petition alleges that Defendants' lack of regard for the vulnerable residents' wellbeing was an affront to human dignity, and that Defendants' actions constitute elder abuse. *See* Exhibit A, paras. 11, 20. Plaintiffs allege that conditions deteriorated to the point that residents were left in their waste without sufficient staff to respond to their requests for assistance. *Id*. at para. 8. These are similar allegations to those presented in the *Randall* claim summarized above.

13.

Defendants respectfully submit that based on the sheer number of putative class members, and the previous awards in similar contexts, a fact finder might reasonably conclude that the

---

[1]   *See* Exhibit A, para. 25.

emotional distress damages claimed by plaintiffs, when aggregated, exceed the $5,000,000 amount-in-controversy threshold. Defendants submit this argument satisfies the preponderance of evidence standard as well as the plausible allegation standard.

14.

Moreover, Plaintiffs' claims are not limited to emotional distress. They claim that the facility in Independence, La., was previously a repository for toxic chemicals, "thus potentially exposing the residents to chemical wastes." *See* Exhibit A, para. 7. Awards in exposure and/or contamination cases can range from as little as $100 to $60,000. *See Arabie v. Citgo Petroleum Corp.,* 2010-334 (La. App. 3 Cir. 10/27/10), 49 So. 3d 985, 996, *writ denied,* 2010-2618 (La. 5/4/12), 88 So. 3d 449; *Adams v. CSX Railroads,* 2001-0114 (La. App. 4 Cir. 4/20/05), 902 So. 2d 413, 416, *writ not considered,* 2005-1316 (La. 2/3/06), 922 So. 2d 1156; *In re New Orleans Train Car Leakage Fire Litig.,* 2000-1919 (La. App. 4 Cir. 4/20/05), 903 So. 2d 9, 13, *writ denied,* 2005-1297 (La. 2/3/06), 922 So. 2d 1171.

15.

When these chemical exposure claims are aggregated with the emotional distress claims, it is certainly plausible that the alleged damages could exceed $5,000,000.

### *THE MINIMAL DIVERSITY REQUIREMENT IS MET*

16.

In addition to the amount-in-controversy requirement, CAFA provides federal jurisdiction over class actions in which any member of a class of Plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A). This requirement is referred to as "minimal diversity." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

17.

In this case, Plaintiff Jeanne Luft is a citizen of the state of Louisiana. *See* Exhibit A,

opening paragraph.

18.

Defendant, Bob Dean, Jr., is a citizen of the state of Georgia. *See* <u>Exhibit B</u>, Unsworn Declaration of Bob Dean Jr. This unsworn declaration is sufficient evidence of citizenship at the removal stage, as "a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Burns v. Mercury Ins. Group*, 2016 WL 5389742, *1 (E.D. La. 09/27/2016); *see Paddison v. Paddison*, No. CV 19-2109, 2019 WL 1616577, at *1 (E.D. La. Apr. 16, 2019) (accepting an unsworn declaration as evidence of citizenship).

19.

Therefore, the "minimal diversity" requirement for removal under 28 U.S.C. § 1332(d) is also met as at least one Plaintiff is a citizen of Louisiana and at least one Defendant is a citizen of another state. Accordingly, this Court has original jurisdiction of Plaintiffs' class action claims.

### *THERE IS NO EXCEPTION TO CAFA JURISDICTION UNDER THE LOCAL CONTROVERSY EXCEPTION*

20.

One exception to CAFA jurisdiction is the local controversy exception. 28 U.S.C. § 1332(d)(4)(A). The exception states that a federal court shall decline to exercise jurisdiction when (1) the Louisiana citizenship of greater than two-thirds of the putative class members, (2) at least one defendant is a defendant from whom significant relief is sought, whose alleged conduct forms a significant basis for the claims asserted by the proposed class, and who is a citizen of the state in which the action was originally filed, (3) principal injuries resulting from the alleged conduct were incurred in the state in which the action was originally filed, and (4) during the 3-year period

preceding the filing of the class action, no other class action has been filed asserting the same factual allegations against any of the defendants on behalf of the same or other persons. *Id*.

21.

On September 6, 2021, certain Plaintiffs, through their attorneys, filed a *Petition for Class Action, Injunctive Relief, and Damages* entitled "*Nancy Anderson; Joy Manguno; Jayme Songy, as Curator for Malvina Songy; and Janice Verdin, as representative of Catherine Roussell, individually and on behalf of others similarly situated v. Bob Dean, Jr.; Uptown Healthcare Center, LLC.; Park Place Healthcare, LLC; Raceland Manor Nursing Home, Inc.; Maison De'ville Nursing Home, Inc.; River Palms Nursing & Rehab, LLC ; Maison De'ville Nursing Home of Harvey, LLC.; St. Elizabeth's Caring, LLC.; and Bob Dean Enterprises, Inc.*," bearing Docket Number 820-839, Division "H," (the "Petition"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, attached as Exhibit C.

22.

The instant matter and the *Anderson* suit are essentially the same lawsuit. In *Anderson*, like in this case, Plaintiffs seek injunctive relief and damages on behalf of residents of Bob Dean nursing homes evacuated in the wake of Hurricane Ida. Plaintiffs in *Anderson* allege that the "actions and negligence" of the named Defendants "in connection with the evacuation of residents to a warehouse in Independence, Louisiana, where they endured horrific and inhumane conditions" that led to their damages. *Id*. at para. 5. *Anderson* makes the same claims about potential chemical exposure, inadequate space, inadequate staffing, and residents unable to get relief from soiled diapers. *Id*. at paras. 10—12, 19—26, 32—33, 42. *Anderson* seeks to certify a class nearly identical to the one sought here in the instant matter – residents of Bob Dean nursing homes evacuated in the wake of Hurricane Ida to a "warehouse" in Independence, La. *Id*. at para. 55. *Anderson* also includes the very same defendants named in this case. Thus, there can be no

question that a prior class action has been filed asserting the same factual allegations against the defendants on behalf of the same persons.

23.

This Court has previously recognized that when a previous class action involves the same underlying facts, many of the same defendants, and a nearly identical proposed class definition, the local controversy exception to CAFA will not apply. *Thompson v. Louisiana Reg'l Landfill Co.*, 365 F. Supp. 3d 725, 732—33 (E.D. La. 2019). Accordingly, that exception does not apply in this case, and the exercise of CAFA jurisdiction is proper.

### *THERE IS NO EXCEPTION TO CAFA JURISDICTION UNDER THE HOME STATE EXCEPTION*

24.

Another exception to CAFA jurisdiction is the home state exception, 28 U.S.C. § 1332(d)(4)(B). The exception states that a federal court shall decline to exercise jurisdiction under CAFA when two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

25.

As the U.S. Fifth Circuit has recently recognized, the question of "primary defendant" has not been extensively analyzed. *See* Madison v. ADT, L.L.C., 11 F.4th 325, 327 (5th Cir. 2021). The Court endorsed prior cases that described primary defendants as the "real target" of the litigation, and those against whom the "primary thrust" of the claim was directed. *Id*. at 328. The Court also held that, while not dispositive, a relevant factor in assessing primary defendant status was whether a defendant was merely vicariously or secondarily liable for the Plaintiff's alleged damages. *Id.* at 328—29.

26.

A simple review of the Plaintiffs' allegations shows that defendant Bob Dean is a primary defendant in this case. Plaintiffs allege that the evacuation was performed by Defendants "under the direction of Bob Dean". *See* Exhibit A, para. 4. They also allege that Dean is the principal and owner of the corporate Defendants and the evacuation shelter in Independence, La. *Id*. at para. 17. Plaintiffs claim that Dean is personally liable for the acts of the Defendants, and is liable for his misrepresentations and in his capacity as owner of the warehouse. *Id*.

27.

It cannot be disputed that Bob Dean Jr. is a primary defendant in this matter, and Defendants assert that he is, in fact, the only primary defendant.[2] Because he is a Georgia citizen, all of the primary defendants are not citizens of Louisiana, and thus the home state exception to CAFA jurisdiction is not applicable in this case.

*REMOVAL IS TIMELY*

28.

Defendants show that this Notice of Removal is timely filed with this Court pursuant to the provisions of 28 U.S.C. § 1446, because it is being removed within 30 days after the service of the Citation and Class Action Petition upon Defendants.

*CONSENT OF ALL DEFENDANTS IS UNNECESSARY*

29.

Pursuant to 28 U.S.C.A. § 1453(b), "[a] class action may be removed to a district court of the United States in accordance with section 1446... without the consent of all defendants."

---

[2] Ultimately, it is immaterial whether Dean is the *only* primary defendant. The phrase "the primary defendants" in 28 U.S.C. 1332(d)(4)(B) means *all* primary defendants. *Watson v. City of Allen, Tx.*, 821 F.3d 634, 641 (5th Cir. 2016) (citing *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006)).

Accordingly, consent from all Defendants is not required for the removal of this class action. Nevertheless, all Defendants hereby join in the removal.

## *VENUE*

30.

The venue of this removal action is a proper venue pursuant to the provisions of 28 U.S.C. §1441(a), inasmuch as the United States District Court for the Eastern District of Louisiana embraces Tangipahoa Parish and the 21st Judicial District Court, the location of the pending state court action.

31.

Based on the foregoing, Defendants have shown that Plaintiffs' class action is properly removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq.*

32.

Written notice of the filing of this removal is being provided to the adverse parties, as required by law.

33.

A true copy of this Notice of Removal is also being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, as required by law.

**WHEREFORE** Defendants pray that Plaintiffs' class action be removed to this Court, that this Court accept jurisdiction of Plaintiffs' class action, and that the class action be placed on the docket of this Court for further proceedings, as though it had originally been instituted in this Court.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

s/Philip G. Watson

_____

**ANDREW D. WEINSTOCK #18495**
**PHILIP G. WATSON #31356**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 832-3700
Facsimile (504) 837-3119
andreww@duplass.com
pwatson@duplass.com
**Counsel for Defendants, Uptown Healthcare Center, LLC, Park Place Healthcare, LLC, Raceland Manor Nursing Home Inc, Maison De'ville Nursing Home, Inc., River Palms Nursing & Rehab, LLC, Maison De'ville Nursing Home of Harvey, LLC, St. Elizabeth's Caring, LLC, Bob Dean Enterprises, Inc., Louisiana Health Care Consultants, LLC and DHNG, LLC**

**AND**

**PIPES MILES BECKMAN, LLC**

s/H. Minor Pipes III

_____

**H. MINOR PIPES III #** 24603
**KELSEY L. MEEKS #** 33107
1100 Poydras St., Ste. 1800
New Orleans, LA 70163
Telephone: (504) 322-7070
Facsimile (504) 322-7520
mpipes@pipesmiles.com
kmeeks@pipesmiles.com
**Counsel for Defendant, Bob Dean**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2021, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Philip G. Watson

_____
PHILIP G. WATSON